UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ARECE Z. SANDERS, | No. CV 04-10489-VBK |
| Plaintiff, | MEMORANDUM OPINION, AND ORDER THEREON |
| v. | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The Plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and each party has filed a supporting memorandum. After reviewing the matter, the Court concludes that the decision of the Commissioner must be reversed, and the matter remanded for further proceedings.

Plaintiff's principal argument is that the ALJ failed to articulate specific and legitimate reasons to reject the opinions of his treating physicians.[1]

Plaintiff has past relevant work as a carpenter in the construction area, a medium exertion occupation. (AR 30.) He suffered an industrial accident in 1994 (AR 154.), and within 10 days was examined by an orthopedist, Dr. Karbelnig. (AR 154-159.), who diagnosed acute cervical and lumbar spinal strain. (AR 158.) Plaintiff received some treatment and therapy and an MRI approximately in January 1995. (AR 162.) He was then examined by Dr. Rush, who also reviewed all pertinent records, and noted that Plaintiff has significant disc protrusion at C6-7. (AR 168-169.) Plaintiff complained of constant neck pain with radiation to the left shoulder, along with low back pain radiating to his left buttock area. (AR 162.)

Plaintiff apparently was incarcerated for a period of five years, and was released in March of 2000. (AR 175.) In March of 2001 he received an orthopedic consultative examination (CE) by Dr. Vahedifar, at the request of the Department of Social Services. (AR 181-184.) Dr. Vahedifar diagnosed cervical and lumbar sprain and strain, consistent with Plaintiff's earlier examinations. He assessed that although Plaintiff could lift and carry 10 lbs. frequently and 20 lbs. occasionally, he could only occasionally perform postural activities which include climbing, balancing, crouching, kneeling, crawling and stooping, and, in addition, environmental restrictions precluded heavy machinery and uneven surfaces. (AR 183) A followup state agency

---

[1] The Court appreciates the extensive medical evidence summary provided in Plaintiff's motion.

2

evaluation noted only occasional climbing limitations, in addition to limited overhead reaching utilizing the right shoulder, but otherwise noted no postural limitations. (AR 187.)

In May 2001, Dr. Ogbo diagnosed chronic neck and low back pain. (AR 196.) In November 2001, Dr. Boddie performed an orthopedic CE at the request of the Department of Social Services. (AR 206-212.) This physician noted cervical spine issues which on examination, revealed myofascial trigger points and limited range of motion and rotation. (AR 208.) In the low back area, Dr. Boddie also noted myofascial trigger points (AR 209.), and he concluded that although Plaintiff could lift and carry 20 lbs. occasionally and 10 lbs. frequently, he would only be able to bend or crouch occasionally. (AR 211-212.) The followup state agency evaluation agreed with Dr. Boddie as to Plaintiff's ability to lift, and also noted occasional postural limitations in all of the described functions. (AR 213-220.)

In December 2001, Dr. Baldwin noted chronic pain, decreased flexibility, and intermittent muscle spasms (AR 227.)

Plaintiff received an internal medicine CE on July 24, 2002 from Dr. Lee (AR 231-235.), who found a limited range of motion in Plaintiff's cervical and lumbar spinal areas (AR 233.), and particularly noted that Plaintiff suffers from degenerative arthritis of the cervical spine which limits his mobility without muscle spasm or any evidence of radiculopathy. (AR 234.) Although Dr. Lee, consistent with the conclusion of a number of previous examining physicians, opined that Plaintiff can lift and carry 20 lbs. occasionally and 10 lbs. frequently, he noted postural limitations, including frequent but not continuous pushing and pulling, and limitations with regard to reaching overhead. (AR 234.)

1    Finally, a medical examiner (ME), Dr. Almquist, reviewed
2 Plaintiff's records in February 2003, and concluded that he is capable
3 of medium exertion up to 50 lbs. occasionally, 25 lbs. frequently, but
4 that chronic pain in Plaintiff's left shoulder would reduce his
5 ability to work to medium exertional level.  Only occasional postural
6 limitations were found with regard to climbing of scaffolds and ropes,
7 and Dr. Almquist added in a handwritten notation that frequent
8 postural movements would actually be beneficial based on Plaintiff's
9 complaints.  (AR 255-258.)
10    Thus, there is a wealth of information from examining sources for
11 a lengthy period of time; that is, from approximately 1994 through
12 2003, with a five year hiatus from 1995 to 2000.  Despite this, the
13 ALJ somewhat cursorily diagnosed the records of these examining and
14 treating sources, and at that, drew some erroneous conclusions.  For
15 example, although reference was made to the orthopedic CE of Dr.
16 Vahedifar, (AR 27) the ALJ concluded that the examination revealed
17 normal motor and sensory responses with a full range of motion, and
18 further reported Dr. Vahedifar's conclusion that Plaintiff could
19 perform light work activity.  (AR 27.)  Omitted from this summary is
20 the very significant fact, as the Court has noted, that Dr. Vahedifar
21 assessed significant postural limitations. Query whether Plaintiff can
22 return to his work as a carpenter, as the ALJ concluded, if it is the
23 case that he can only occasionally climb, balance, crouch, kneel,
24 crawl and stoop.  (AR 183.)
25    In another erroneous summary, while noting that Dr. Lee's
26 examination included findings of myofascial trigger points and
27 bursitis, the ALJ found no evidence of arthritis.  In fact, Dr. Lee's
28 ///

4

report indicates that Plaintiff has degenerative arthritis of his cervical spine with limited mobility. (AR 234.)

Although no examining physician over the years concluded that Plaintiff could lift more than 10 lbs. occasionally and 20 lbs. frequently, the ALJ saw fit to adopt the conclusion of the nonexamining ME, Dr. Almquist, who increased those limits by a significant magnitude, concluding that Plaintiff could occasionally lift 50 lbs. and frequently lift 25 lbs. (AR 255.) The reasons cited by the ALJ for adopting Dr. Almquist's opinion (AR 28) are insufficient and inadequate. Dr. Almquist statement, for example, that Plaintiff's pain is controlled through medication without significant adverse side effects cannot be found in any of the treating or examining source records. The Court cannot conclude that the ALJ's decision sets forth specific and legitimate reasons for rejecting the very significant conclusions, particularly as to postural limitations, articulated by a whole series of treating and examining sources. See Lester v. Chater, 81 F.3d 821, 831-834 (9th Cir. 1995). In addition, the Court determines that the findings and opinions of the nonexamining ME are largely inconsistent with the results of examinations by treating and examining physicians. As such, the opinion of the nonexamining ME, by itself, cannot constitute substantial evidence sufficient to reject these other opinions. See Morgan v. Apfel, 169 F.3d 595, 602(9th Cir. 1999). The opinion of this nontreating ME is not based on independent clinical findings which differ from those of the treating physicians. For that reason, again, the ME's opinion is not entitled to controlling weight, and reliance on that opinion by the ALJ was clearly erroneous. See, Andrews v. Shalala, 53 F.2d 1035, 1041 (9th Cir. 1995).

1 As a final issue, Plaintiff asserts that the ALJ failed to
2 articulate adequate reasons for rejecting his testimony as to his
3 pain, and testimony of his third party witness, Carolyn Marshall
4 (Motion at 11-14). Indeed, reviewing the decision, it is apparent
5 that the ALJ rejected Plaintiff's self reporting based almost entirely
6 on asserted inconsistencies between the restrictions he described in
7 his ability to perform activities of daily living, and what the ALJ
8 interpreted to be the objective medical evidence. (AR 29.) The ALJ
9 thus ran afoul of the well established rule that a claimant may not be
10 discredited based solely on asserted inconsistency between his
11 testimony and objective medical evidence. See Orteza v. Shalala, 55
12 F.3d 749-750 (9th Cir. 1995).

13 On remand, Plaintiff's credibility will be reevaluated based on
14 proper legal standards.

15 Based on the foregoing, this matter will be remanded for further
16 hearing. Plaintiff's motion for summary judgment is granted to the
17 extent it requests a remand, and denied to the extent it requests
18 award of benefits. The Commissioner's cross-motion is denied.

20 IT IS SO ORDERED.

22 DATED: September 27, 2005

24                                    /s/
                                   VICTOR B. KENTON
25                                 UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ARECE Z. SANDERS, | ) | No. CV 04-10489-VBK |
| | ) | |
| Plaintiff, | ) | JUDGMENT |
| | ) | |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to the Memorandum Opinion and Order of the Court,

**IT IS ADJUDGED** that Plaintiff's motion for summary judgment is granted to the extent it request a remand and denied to the extent it requests award of benefits. The Commissioner's cross-motion is denied.

DATED:_____

_____
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE